FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2005 AUG 16  P 3: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE BROWN                                     CIVIL ACTION

VERSUS                                           NO. 05-2446

WARDEN BURL CAIN                                 SECTION "C"(5)

### TRANSFER ORDER

Petitioner, DWAYNE BROWN, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1995 state court conviction and sentence. To support his challenge, petitioner asserts that he was denied the effective assistance of counsel at trial, during sentencing and on appeal.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Brown v. Burl Cain, Civil Action 00-0243 "C." In that petition, petitioner raised the following grounds for relief:

1) The Fourth Circuit Court of Appeal and the Louisiana Supreme Court erred in denying petitioner's post-conviction applications;

2) The evidence was insufficient to convict him of simple burglary;

3) The trial court erred in failing to advise petitioner of his right to remain silent during the multiple offender hearing;

___ Fee ___
___ Process ___
_X_ Dktd ___
_✓_ CtRmDep ___
___ Doc. No. ___

> 4) The state failed to sustain its burden of proof during the habitual offender adjudication;
>
> 5) Petitioner was denied the effective assistance of counsel during the multiple bill proceedings.

That petition was dismissed with prejudice on the merits by Judgment entered August 3, 2000. Petitioner appealed that judgment. The Fifth Circuit affirmed the ruling on November 29, 2000.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that DWAYNE BROWN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 16th day of August, 2005.

UNITED STATES DISTRICT JUDGE